Turley, J.
delivered the opinion of the court.
This is an attachment bill, filed by the complainant against the defendant, a resident citizen of the State of Georgia, under the provisions of the Act of 1836, ch. 43. The attachment sued out was levied in the State of Tennessee, upon a negro man the property of the defendant, Garrison, who pleaded in abatement,, that the negro had been decoyed out of the State of Georgia, his place of residence, by the complainant, for the purpose of giving the courts of Tennessee jurisdiction of the matters in controversy between himself and the complainant. The same defence is set up and relied upon in the answer.
The Chancellor directed an issue of fact, involving this question, tobe tried by a jury, who found upon their oaths, “that the complainant did seduce and decoy the negro man from the possession of the defendant, in the State of Georgia, for the purpose of subjecting him to the attachment laws of Tennessee, and that he ’was brought to the State of Tennessee by the pro- *149 curementof said Timmons, the complainant, with such intent.” Upon this finding by the jury, the Chancellor dismissed the bill, and directed the sheriff to deliver over the negro to the defendant or his agent. In pursuance of this decree, the sheriff delivered the negro to the agent of the defendant, but immediately arrested him again upon another writ of attachment in the name of the complainant for the same demand, which had been prepared and procured to be issued by a Justice of the Peace, returnable to the Circuit Court.
The Chancery Court not having adjourned, but being in session, information of this fact was communicated to the Chancellor by affidavit, who thereupon so modified the decree previously given in the case, as to direct the sheriff to take the negro to the line dividing the States of Tennessee and Georgia, and there deliver him to the’’defendant or his agent; and thereupon the complainant prosecuted his appeal to this court. And several propositions are now presented for consideration.
1st. Is the defence set up in the plea and answer of the defendant available? We hold that it is; that the attachment laws of the State of Tennessee are made to enable our citizens who have debts due them by non-residents, to subject the property of their debtors, which may be found in the State to their demands, without being compelled to pursue their redress in a foreign tribunal; but it would be monstrous so to construe them, as to enable a rapacious creditor to give jurisdiction to our courts against non-residents, by purloining their property and bringing it into the State. No court, upon being legally informed of the-existence of such fact, would entertain jurisdiction of a case based upon such illegal and indefensible conduct.
. 2d. Did the jury find the issue of fact according to the proof? We are bound to say they did. It is true, as has been argued for the complainant, the finding of an issue of fact in Chancery is not as obligatory upon the court as is the finding of a verdict upon an issue at common law, but still it has much weight, and will be sustained unless it appear satisfactorily tobe unsupported by proof. A jury of the county have found the fact; the Chancellor, who presided over the trial, was satisfied therewith, and made it the basis of tbe decree. The bill of excep- *150 lions does not purport to contain all the testimony given in before the jury, but on the contrary, it is nearly certain it does not. We can see no reason for setting aside the finding; indeed, without discussing the proof contained in the depositions, which are part of the record, we think there is much from which the inference may fairly be deduced, that the complainant did entice and procure the negro to come to Tennessee for the purpose of attaching him.
'3d. It is contended that the Chancellor had no legal power to modify the decree as was done, and by which the sheriff was directed to taire the negro to the Georgia line and deliver him to the defendant or agent.
■ It was at the same term of the court at which the decree had been given, that it was modified'; and that during the term the judgments and decrees of the court are in the breast of the Judge and may be changed, modified or overruled, has been so often held, that it would be a waste of time to expatiate upon the question. It, also, may be observed, that the levy of the second attachment was as illegal as the first, and the same de-fence would have been good against it. The bringing the property to the State of Tennessee was a wrong done by the complainant, and' out of which he could be permitted to acquire no legal rights. The negro was not subject to attachment at his suit, until he had been restored to the possession of his owner, in the State from which he had been surreptitiously ■procured.